985 F.2d 572
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Frine De La Concepcion HERNANDEZ-LOPEZ and Manuel Antonio
Monge-Hernandez, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 91-070373.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 12, 1993.*
Decided Feb. 3, 1993.
 
 Petition for Review of Orders of the Board of Immigration Appeals, INS No. Aav-ygs-zjo/151.
 BIA
 PETITION GRANTED.
 Before ALDISERT** GOODWIN and FLETCHER, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Frine de la Concepcion Hernandez-Lopez, and her son, Manuel Antonio Monge-Hernandez, citizens of Nicaragua, applied for asylum under 8 U.S.C. § 1158(a), and withholding of deportation under 8 U.S.C. § 1253(h). The immigration judge denied their requests. On appeal the Board of Immigration Appeals ("the Board" or "BIA") took administrative notice of the fact that the Sandinistas had been voted out of power, reasoning that Hernandez-Lopez and her son no longer had a well-founded fear of persecution in Nicaragua. It denied their application based solely on the notice taken, and it ordered them deported if they did not voluntarily depart within the term permitted. Hernandez-Lopez subsequently filed a motion to reopen the deportation proceedings for consideration of their application for suspension of deportation under 8 U.S.C. § 1254(a)(1) and adjustment of status. She is married to a lawful permanent resident and relied on the lapse of time since her hearing to establish seven years' presence in the United States. The motion to reopen was also denied.
 
 
 3
 We have jurisdiction to hear this matter under 8 U.S.C. § 1105a(a)(1). Because we find that the BIA improperly took administrative notice of the effect of the change in government in Nicaragua without giving Hernandez-Lopez notice of its intent to do so, and an opportunity to show cause why administrative notice should not be taken, or the record supplemented by further evidence, we grant the petition for review of both decisions.
 
 
 4
 * An alien is eligible for asylum if he has a "well-founded fear" of persecution on account of race, religion, nationality, membership in a particular social group or political opinion, 8 U.S.C. § 1101(a)(42)(A), 8 C.F.R. § 208.13(b)(2), or, in extreme cases, based on past persecution. Matter of Chen, 20 I. & N. Dec. ----, slip. op. at 5-8 (BIA Int. Dec. No. 3104, Apr. 25, 1989) (extremely debilitating physical and mental persecution, including imprisonment and severe beatings which caused permanent hearing loss, warranted grant of asylum for past persecution); 8 C.F.R. § 208.13(b)(1). The decision to grant asylum is within the discretion of the Attorney General. 8 U.S.C. § 1158(a). Whether an alien has a well-founded fear of persecution is a question of fact, and we review the BIA's determination under the substantial evidence standard. INS v. Elias-Zacarias, 112 S.Ct. 812, 815 (1992); Sanchez-Trujillo v. INS, 801 F.2d 1571, 1578 (9th Cir.1986); 8 U.S.C. § 1105a(a)(4).
 
 
 5
 An alien is eligible for withholding of deportation if his life or freedom would be threatened on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1253(h). He must meet a higher standard than that required for asylum: "clear probability" of persecution. INS v. Cardoza-Fonseca, 480 U.S. 421, 448-50 (1987); INS v. Stevic, 467 U.S. 407, 430 (1984); Estrada-Posadas v. INS, 924 F.2d 916, 920 (9th Cir.1991).
 
 II
 
 6
 Hernandez-Lopez's petition for review of the BIA's original decision is based on two major arguments. First, Hernandez-Lopez claims that the BIA improperly took administrative notice that the Sandinistas no longer control the Nicaraguan government. Second she contends that the BIA erred in finding that she and her son had not established a sufficient fear of persecution by the Sandinistas warranting either asylum or withholding of deportation.
 
 
 7
 Hernandez-Lopez argues that they were denied due process because the BIA took administrative notice of the effect of the change of government in Nicaragua without giving them an opportunity to establish that the Sandinistas still exert significant control over the government. She insists that, notwithstanding the change of government, they retain a well-founded fear of persecution by Sandinistas who are still active in the country.
 
 
 8
 In Castillo-Villagra v. INS, 972 F.2d 1017, 1029 (9th Cir.1992), we held that the BIA "erred in taking notice of the change of government without providing the petitioners an opportunity to rebut the noticed facts." We explicitly rejected the position that due process requirements are satisfied by the petitioner's right, under 8 C.F.R. §§ 3.2 & 3.8, to move the BIA to reopen the proceedings and present evidence to rebut the noticed facts. Id. Here, as in Castillo-Villagra, Hernandez-Lopez did not receive warning that administrative notice would be taken. Nor was she provided with an opportunity to contest or rebut by further evidence the facts of which administrative notice was taken.[1] Id. at 1021.
 
 
 9
 Because the BIA improperly took administrative notice in this case we must vacate its decision and remand. Castillo-Villagra, 972 F.2d at 1029, 1031. For the purposes of this appeal we do not pass on the sufficiency of the evidence adduced by petitioners in support of their request for asylum and withholding of deportation. We reserve judgment on this issue until the BIA affords Hernandez-Lopez and her son an opportunity to show cause why administrative notice should not be taken, or to supplement the record in order to rebut noticed facts in full compliance with their due process rights under the Fifth Amendment.
 
 
 10
 The petition for review is therefore GRANTED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Honorable Ruggero J. Aldisert, Senior Circuit Judge, United States Court of Appeals for the Third Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Hernandez-Lopez filed the petition to reopen before Castillo-Villagra was decided. The thrust of her petition was to seek adjustment of status on the basis of having established seven years' presence in the United States. The BIA's denial, based in part on the effect of the change in government on petitioner's earlier dismissal, is infected by the original decision's defect in this regard. We, therefore, conclude that Castillo-Villagra governs the appeal before us